UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM, INC., a/k/a )<br>AMAZON.COM AUCTIONS, INC. )<br>)<br>Defendant. ) | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Trustees of Boston University, by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against Amazon.com, Inc. ("Defendant"); and respectfully would show the Court as follows:

## PARTIES

1. Plaintiff Trustees of Boston University ("BU" or the "University") is a non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

2. The University is one of the largest private universities in the United States, and one of the largest employers in Boston, with more than 10,000 faculty and staff and over 33,000 students. It conducts a diverse range of interdisciplinary, collaborative and innovative research projects across a broad spectrum of academic departments, programs, centers and institutes, including research in the field of electrical and computer engineering. BU's faculty includes five Nobel Prize winners and numerous named inventors on United States Patents, including U.S. Patent No. 5,686,738 (the "'738 patent"), for which BU is the assignee.

1

3. Upon information and belief, Defendant Amazon.com, Inc. a/k/a Amazon.com Auctions, Inc. ("Amazon") is a corporation organized under the laws of Delaware, and it is principal place of business is 1516 Second Avenue, Seattle, Washington 98101. Defendant Amazon may be served by effecting service on its registered agent: CT Corporation System, which is located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

5. Defendant regularly and deliberately engaged in and continues to engage in activities that result in using, selling, offering for sale, and/or importing infringing products in and/or into the Commonwealth of Massachusetts and this judicial district. These activities violate the University's United States patent rights under the '738 patent pled herein. This Court has personal jurisdiction over Defendant because, among other things, Amazon conducts business in the Commonwealth of Massachusetts and in this judicial district; and thus enjoys the privileges and protections of Massachusetts law.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,686,738

7. The '738 patent, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," issued on November 11, 1997. A true and correct copy of the '738 patent is attached hereto as Exhibit A.

8. Theodore D. Moustakas, Ph.D., Professor of Electrical and Computer Engineering at BU, is the named inventor of the '738 patent. The University owns by assignment the entire right, title, and interest in and to the '738 patent, including the sole right to sue for past and present patent infringements thereof.

9. The University is informed and believes, and thereon alleges, that Defendant's Kindle Paperwhite 6" Display product, bearing part number B007OZNZG0, and its Kindle Fire LCD 7" Display product, bearing part number B0083Q04IQ, include a gallium nitride thin film semiconductor device claimed by the '738 patent; and thus, these products infringe upon one or more claims of the '738 patent. The University is informed and believes, and further alleges, that additional products of the Defendant include light emitting diodes ("LEDs") made by Seoul Semiconductor Company, Ltd.; Seoul Semiconductor Inc.; and/or Seoul Optodevice Company, Ltd. ("Seoul Semiconductor") and products including such LEDs (collectively referred to as "Accused Products") also constitute and/or include the claimed gallium nitride thin film semiconductor device, and therefore, also infringe one or more claims of the '738 patent.

10. The University is informed and believes, and thereon alleges, that the applicable requirements of 35 U.S.C. § 287 have been satisfied.

11. The University is informed and believes, and thereon alleges, that Defendant has infringed, and continues to infringe, one or more claims of the '738 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering to sell, selling and/or importing in and/or into the United States, including in this Judicial district, the Accused Products falling within the scope of one or more claims of the '738 patent. Amazon has no authority to make, use, offer to sell, sell, and/or import into the United States the claimed Seoul Semiconductor gallium nitride thin film semiconductor device or any Accused Product by virtue of a direct

license from the University or by virtue of an indirect license through the manufacturer Seoul Semiconductor.

12. Upon information and belief, Seoul Semiconductor sells and delivers infringing products to Defendant Amazon in locations outside the territorial United States. The University requested a stipulation from Seoul Semiconductor in relation to Civil Action Number 1:12-cv-11938-FDS, styled *Trustees of Boston University v. Seoul Semiconductor, Ltd, et al.*, that Seoul Semiconductor would stand liable for such sales so that suits involving Seoul Semiconductor's infringing customers could be avoided. Seoul Semiconductor, however, refused to provide such a stipulation to protect its customers, and specifically denied any legal obligation to cover the infringing acts of any entities to whom Seoul Semiconductor has sold infringing devices outside the United State, but whom then import, sell and/or use said infringing devices in the United States in violation of the University's patent rights. Thus, the only available recourse for these violations of the University's patent rights is to sue the infringing customers directly.

13. Defendant Amazon's acts of infringement have caused and will continue to cause substantial and irreparable damage to the University.

14. Because Amazon's infringement of the '738 patent has damaged the University, BU is, entitled to damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled, but that will be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the University prays for entry of judgment against Defendant Amazon.com, Inc. as follows:

A. That Defendant Amazon infringed the '738 patent under 35 U.S.C. § 271(a);

B. That Defendant Amazon account to the University for all gains, profits and advantages derived by its infringement of the '738 patent, and that the University be awarded

4

damages adequate to compensate it for the wrongful infringement by Defendant Amazon in accordance with 35 U.S.C. § 284;

    C.    That the University be awarded any other supplemental damages and interest on all damages, including, but not limited to costs and attorney fees available under 35 U.S.C. § 285;

    D.    That the Court permanently enjoin Defendant Amazon and all those in privity with it from making, having made, selling, offering for sale, distributing and/or using products that infringe the '738 patent, including the Accused Products, in the United States; and

    E.    That the University be awarded such other and further relief as this Court may deem just and proper, including but not limited to any equitable relief and/or legal remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the University hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY
By its attorneys,

/s/ *Erik Paul Belt*
Erik Paul Belt, BBO #558620
ebelt@mccarter.com
Kelly A. Gabos, BBO #666219
kgabos@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02210
Telephone: (617) 449-6506
Facsimile:  (617) 607-6035

5

*Of Counsel*

Michael W. Shore (Texas 18294915)
Alfonso Garcia Chan (Texas 24012408)
Eve Henson (Texas 00791462)
Andrew M. Howard (Texas 24059973)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

Dated:  May 2, 2013